**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**2023 CA 0690**

CHELSIE JEANDRON

VERSUS

DR. CHRISTOPHER CENAC, JR.
AND ABC INSURANCE COMPANY

Judgment Rendered: __APR 1 8 2024__

\* \* \* \* \* \*

On Appeal from the Thirty-Second Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
Docket No. 186353

Honorable Randall L. Bethancourt, Judge Presiding

\* \* \* \* \* \*

<table>
<tr><td>Barry A. Roach<br>Michael H. Schwartzberg<br>Lake Charles, Louisiana</td><td>Counsel for Plaintiff/Appellant<br>Chelsie Jeandron</td></tr>
<tr><td>Douglas R. Holmes<br>New Orleans, Louisiana</td><td>Counsel for Defendants/Appellees<br>Dr. Christopher Cenac, Jr.,<br>Rancho Medico LLC, AIG Property<br>Casualty Company, and Mesa<br>Underwriters Specialty Insurance<br>Company</td></tr>
</table>

\* \* \* \* \* \*

**BEFORE:  McCLENDON, HESTER, AND MILLER, JJ.**

Miller, J concurs without reasons

**McCLENDON, J.**

In this wrongful death lawsuit, the plaintiff challenges the trial court's judgment that granted the defendant's motion for summary judgment as to the plaintiff's claims of premises liability, general liability, and unseaworthiness. For the reasons that follow, we reverse the judgment of the trial court granting a partial summary judgment[1] and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On July 2, 2019, Chelsie Jeandron filed a Petition for Damages against Dr. Christopher Cenac, Jr. and ABC Insurance Company after an accident that occurred on November 15, 2018, resulting in the death of her father, Randy Jeandron. Ms. Jeandron filed a supplemental and amending petition on November 14, 2019, naming Dr. Cenac, Rancho Medico, L.L.C. (Rancho Medico), AIG Property Casualty Company, and Mesa Underwriters Specialty Insurance Company as defendants. Ms. Jeandron asserted that Dr. Cenac and/or Rancho Medico had engaged Mr. Jeandron to transport a barge, either owned or chartered by Dr. Cenac and/or Rancho Medico, that was loaded with large wooden pilings for a construction project in Terrebonne Parish. The project was located at a remote camp accessible only by water, owned by Dr. Cenac and/or Rancho Medico.

Ms. Jeandron averred that Dr. Cenac and/or Rancho Medico provided equipment for the job, as well as two additional workers to help Mr. Jeandron transport and offload the wooden pilings. The equipment included a crane and a large excavator. However, according to Ms. Jeandron, the crane on the barge was not a proper and sufficiently heavy piece of equipment to safely offload the pilings, and additionally, the excavator that was on shore was inoperable. Therefore, one of the workers provided by Dr. Cenac and/or Rancho Medico had to use equipment, ropes, and a chain to arrange a block and pulley configuration to offload and pull the wooden pilings from the barge to the shore. Ms. Jeandron further alleged that while Mr. Jeandron and the other workers were offloading the pilings one at a time with the block and pulley equipment, the chain and tackle affixed to the excavator suddenly and without warning snapped and broke, causing

---

[1] The trial court's judgment included language declaring the judgment final. After review, we find that the trial court's designation was a proper certification under LSA-C.C.P. art. 1915(B).

2

the block and tackle to strike Mr. Jeandron in the head, resulting in his death. Ms. Jeandron asserted that the death of her father was due to the negligent and substandard conduct of Dr. Cenac and/or Rancho Medico.

The defendants answered the petition, generally denying its allegations and asserting numerous affirmative defenses. Thereafter, Dr. Cenac filed a motion for summary judgment, seeking the dismissal of all claims against him. Particularly, Dr. Cenac alleged that he did not personally own the barge or property at issue, as the barge was owned by Rancho Medico and the property was leased by Rancho Medico from a third party. Further, Dr. Cenac contended that Ms. Jeandron's exclusive remedy against him was in workers' compensation and that the Louisiana Workers' Compensation Corporation had already paid workers' compensation death benefits to her after determining that Mr. Jeandron was acting in the course and scope of his employment with Houma Orthopedic Clinic, AMC d/b/a Gulf Coast Orthopedics (Gulf Coast Orthopedics).

After a hearing, the trial court signed a judgment on July 22, 2022, granting Dr. Cenac's motion for summary judgment and dismissing all claims against him. Ms. Jeandron appealed, and on April 14, 2023, this court reversed the judgment, finding that based on the evidence submitted in support of the motion for summary judgment, Dr. Cenac failed to carry his initial burden of proving the material facts that Mr. Jeandron was in the course and scope of his employment with Gulf Coast Orthopedics at the time of the accident and/or that Dr. Cenac was acting in his capacity as the owner of Gulf Coast Orthopedics when he engaged Mr. Jeandron to transport and offload the pilings at the camp. See **Jeandron v. Cenac**, 2022-1158 (La.App. 1 Cir. 4/14/23), 365 So.3d 851, 859.

Subsequent to the filing of Dr. Cenac's motion for summary judgment, Rancho Medico filed its own motion for summary judgment on October 27, 2022, which is the basis of this appeal. Therein, Rancho Medico asserted that Ms. Jeandron could provide no evidence to support her theories of strict liability under LSA-C.C. arts. 2317 and 2317.1, negligence under LSA-C.C. art. 2315, unseaworthiness under general maritime law, and vicarious liability. Particularly, Rancho Medico averred that its only involvement

3

in this matter was that it leased the property where the accident occurred and that it owned the barge that Mr. Jeandron was on while he was performing duties for Gulf Coast Orthopedics. Rancho Medico further claimed that no evidence existed of any unreasonably dangerous condition or defect with respect to the property or the barge, entitling it to judgment as a matter of law dismissing Ms. Jeandron's claims against it.

In opposition, Ms. Jeandron asserted that Rancho Medico's motion for summary judgment should be denied as genuine issues of material facts existed. Ms. Jeandron averred that Rancho Medico's sole owner is Dr. Cenac and that Mr. Jeandron was not performing duties for Gulf Coast Orthopedics as asserted by Rancho Medico, but rather was performing a mission for Rancho Medico. Ms. Jeandron argued that, according to Dr. Cenac's deposition, Mr. Jeandron was routinely asked to perform labor and construction projects for the personal benefit of the individual doctors of Gulf Coast Orthopedics, of which Dr. Cenac was one, that had nothing to do with health care or the clinic.

Ms. Jeandron also reiterated that there was an unreasonably dangerous condition or defect with respect to the property or barge owned by Rancho Medico. According to Ms. Jeandron, the equipment Rancho Medico provided "for the offloading of the pilings was improperly weight rated, deficient in safety features, and/or inoperable" and "the inoperable, undersized, weak and defective condition of the barge's crane and John Deere tractor were conditions that posed an unreasonable risk of harm given the task Mr. [Jeandron] was assigned."[2]

Further, Ms. Jeandron averred that although Rancho Medico admitted that it leased the property and owned the barge where the accident occurred, as well as the John Deere tractor that Mr. Jeandron was instructed to use, Rancho Medico disputed the ownership of certain equipment, ropes, chains, block, and tackle used herein. Thus, according to Ms. Jeandron, genuine issues of material fact existed as to whether Rancho Medico was

---

[2] As discussed hereinafter, Dr. Cenac testified in his deposition that he and Mr. Jeandron discussed using a John Deere tractor located on the camp property to unload the pilings.

4

the owner or custodian of the equipment utilized during the removal of the pilings and whether they played a part in causing the accident.[3]

After a hearing, the trial court took the matter under advisement. On March 17, 2023, the trial court signed a judgment, along with separate Reasons for Judgment, granting Rancho Medico's motion for summary judgment as to Ms. Jeandron's claims of negligence pursuant to LSA-C.C. arts. 2317 and 2317.1, negligence pursuant to LSA-C.C. art. 2315, and unseaworthiness under general maritime law. Further, the trial court denied Rancho Medico's motion for summary judgment with regard to Ms. Jeandron's claim for vicarious liability.[4] The judgment further provided that it was a final judgment. Thereafter, Ms. Jeandron appealed the judgment, assigning as error the trial court's granting of Rancho Medico's motion for summary judgment as to the alleged negligence of Rancho Medico and as to the alleged claim of unseaworthiness of the barge owned by Rancho Medico.

## LAW AND DISCUSSION

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(A)(3). The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. LSA-C.C.P. art. 966(A)(2).

The burden of proof is on the mover. LSA-C.C.P. art. 966(D)(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court

---

[3] Ms. Jeandron also denied that Mr. Jeandron's conduct was the sole cause of the accident, as asserted by Rancho Medico. Therefore, according to Ms. Jeandron, a factual dispute existed as to whether Mr. Jeandron was exercising reasonable care in using the equipment provided to him to offload the pilings. She asserted that Rancho Medico presented no evidence to support its argument that Mr. Jeandron engaged in negligent activities when unloading the wooden pilings and that Mr. Jeandron was forced to utilize the block and tackle system to complete the task assigned due to the location of the worksite and the condition of the equipment.

[4] In her petition, Ms. Jeandron averred that Dr. Cenac and/or Rancho Medico were liable for the negligence and fault of Chris Rhodes, one of the two helpers with Mr. Jeandron, regarding Mr. Rhodes's decision to utilize the pulley and tackle configuration, including the dangerous manner in which the pulley and tackle system was constructed, as well as the use of deficient equipment. In its written reasons, the trial court found that because Ms. Jeandron asserted that Mr. Rhodes was employed by Dr. Cenac and/or Rancho Medico, and because Rancho Medico denied that Mr. Rhodes was employed by Dr. Cenac and/or Rancho Medico, but failed to present sufficient evidence to refute that assertion, the burden never shifted to Ms. Jeandron to prove otherwise. Therefore, the trial court denied the motion for summary judgment as to Ms. Jeandron's claim of vicarious liability.

5

on the motion, the mover's burden does not require that all essential elements of the adverse party's claim, action, or defense be negated. Rather, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. LSA-C.C.P. art. 966(D)(1). If, however, the mover fails in his burden to show an absence of factual support for one or more of the elements of the adverse party's claim, the burden never shifts to the adverse party, and the mover is not entitled to summary judgment. **Durand v. Graham**, 2019-1312 (La.App. 1 Cir. 6/12/20), 306 So.3d 437, 440.

In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Thus, appellate courts ask the same questions: whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. **Williams v. Rouse's Enterprises, L.L.C.,** 2022-1277 (La.App. 1 Cir. 6/15/23), 370 So.3d 482, 484. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. **Durand,** 306 So.3d at 440.

In support of its motion for summary judgment, Rancho Medico offered excerpts from the deposition of Dr. Cenac. Dr. Cenac attested that Mr. Jeandron was "basically the outside handyman" for Gulf Coast Orthopedics. Dr. Cenac testified that the only instructions he gave to Mr. Jeandron were to push the barge owned by Rancho Medico onto the bank and unload the pilings with the John Deere tractor owned by Rancho Medico. Dr. Cenac further claimed that the tractor was in working order. He also stated that, as far as he knew, the equipment used by Mr. Jeandron that day, including the block and tackle, was Mr. Jeandron's.

Ms. Jeandron opposed the motion for summary judgment, also submitting excerpts from Dr. Cenac's deposition. Therein, Dr. Cenac testified that he was the sole owner of Rancho Medico. Dr. Cenac acknowledged that the excavator on the property had not

6

been operable for some time and that Mr. Jeandron and his helpers knew that it was not working. Dr. Cenac also testified that Mr. Jeandron and the helpers knew they were going to use the crane on the barge to remove the pilings. Dr. Cenac further stated that Mr. Jeandron was employed by Gulf Coast Orthopedics at the time of the accident. According to Dr. Cenac, Mr. Jeandron worked an allotted time for each of the doctors of Gulf Coast Orthopedics inside and outside of the clinic.[5] Additionally, Ms. Jeandron submitted a copy of the Terrebonne Parish Sheriff's Office incident report, arguing that the report did not mention anywhere that a tractor was used at any point, suggesting that the tractor was inoperable, and forcing Mr. Jeandron and the two helpers to use the block and pulley configuration.

Rancho Medico filed a reply memorandum and objection to Ms. Jeandron's opposition to the motion for summary judgment. Rancho Medico objected to Ms. Jeandron's use of the Terrebonne Parish Sheriff's Office incident report and requested that the report be stricken and not considered, arguing that the report is not contained within the exclusive list of documents that may be submitted in support of or in opposition to a motion for summary judgment in LSA-C.C.P. art. 966(A)(4), nor was it properly authenticated by being attached to an affidavit or deposition. See LSA-C.C.P. art. 966, 2015 Revision Comments, Comment (c). The trial court correctly excluded the incident report as inadmissible for summary judgment purposes, stating it would not be considered.

Ms. Jeandron's petition asserts negligence claims under LSA-C.C. arts. 2315, 2317, and 2317.1. Article 2315(A) provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." Article 2317 also provides, in pertinent part, that "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom

---

[5] Dr. Cenac was asked, regarding Mr. Jeandron:

  Q. In addition to being the handyman or in connection with being the handyman here at the clinic, did he also provide assistance to you and the other doctors outside the office?

  A. He provided assistance every day on this office, our other properties, our other offices or to the doctors and their various houses or things that all the doctors had acquired, owned or used; yes, sir.

7

we are answerable, or of the things which we have in our custody." Louisiana Civil Code article 2317.1 provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

Whether a claim arises in negligence under Article 2315 or in premises liability under Article 2317.1, the traditional duty/risk analysis is the same and is used to determine whether liability exists. **Farrell v. Circle K Stores, Inc.**, 2022-00849 (La. 3/17/23), 359 So.3d 467, 473. Under the duty/risk analysis, the plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element); and, (5) proof of actual damages (the damages element). If the plaintiff fails to prove any one element by a preponderance of the evidence, the defendant is not liable. **Id.; Williams**, 370 So.3d at 484-85.

Rancho Medico, as the mover for summary judgment, would not bear the burden of establishing the elements of Ms. Jeandron's claims at trial. Therefore, its burden on the motion for summary judgment was to point out the absence of factual support for one or more elements essential to Ms. Jeandron's claims. See LSA-C.C.P. art. 966(D)(1). The only evidence offered by Rancho Medico was the excerpt from the deposition of Dr. Cenac, wherein Dr. Cenac stated that Mr. Jeandron was the outside handyman for Gulf Coast Orthopedics and that Mr. Jeandron was to push the Rancho Medico barge onto the bank and unload the pilings from the barge with the John Deere tractor. Additionally, the excerpt submitted included Dr. Cenac's claim that the tractor was working and that,

8

as far as Dr. Cenac knew, the equipment used by Mr. Jeandron that day belonged to Mr. Jeandron.[6]

After reviewing the evidence offered by Rancho Medico in support of its motion, we cannot say that the excerpts from Dr. Cenac's deposition establish a lack of factual support for Ms. Jeandron's claims of strict liability, negligence, and unseaworthiness. The evidence offered failed to provide any information as to how the accident happened. The issue of whether or how the use of the crane located on the barge contributed to the accident remains. Moreover, we cannot say that Rancho Medico established that Mr. Jeandron was performing his services for Gulf Coast Orthopedics. Although Dr. Cenac testified that Mr. Jeandron was employed by Gulf Coast Orthopedics, the project Mr. Jeandron was sent to perform involved a barge with a crane owned by Rancho Medico on property leased by Rancho Medico with no apparent benefit for Gulf Coast Orthopedics. Accordingly, based on our *de novo* review, we find that Rancho Medico failed to carry its initial burden of proof on the motion for summary judgment, and Rancho Medico is not entitled to summary judgment dismissing Ms. Jeandron's claims against it.[7] Therefore, the trial court improperly granted Rancho Medico's motion for summary judgment, and the judgment of the trial court is reversed.

## CONCLUSION

For the above reasons, the March 17, 2023 judgment of the trial court, granting Rancho Medico's motion for summary judgment and dismissing Ms. Jeandron's negligence and unseaworthiness claims against it, is reversed. This matter is remanded to the trial court for further proceedings consistent herewith. All costs of this appeal are assessed to Rancho Medico, L.L.C.

**REVERSED AND REMANDED.**

---

[6] In its reasons, the trial court stated that the thing that caused the damage was not the barge or the John Deere tractor, but rather was the block and pulley system used to offload the pilings. The trial court further found that if a vice or defect existed in the crane, it was not the cause of the accident. The trial court referred to the allegations in Ms. Jeandron's petition where she alleged that "the chain and tackle affixed by Mr. Rhodes to the excavator suddenly and without warning snapped and broke."

[7] Because Rancho Medico failed to meet its initial burden of proof on its motion for summary judgment, the burden never shifted to Ms. Jeandron to produce factual support sufficient to establish the existence of a genuine issue of material fact or that Rancho Medico is not entitled to judgment as a matter of law. See LSA-C.C.P. art. 966(D)(1).